```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSEPH GUGLIELMO, on behalf of himself                      :
and all others similarly situated,                          :
                                                            :
                              Plaintiff,                    :       20-CV-5575 (VSB)
                                                            :
              -against-                                     :              **ORDER**
                                                            :
TAKEYA USA CORPORATION,                                     :
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/2020

<u>VERNON S. BRODERICK</u>, United States District Judge:

On July 20, 2020, Plaintiff filed this action against Defendant Takeya USA Corporation. (Doc. 1.) Plaintiff obtained a summons on July 21, 2020. (Doc. 4.) To date, Plaintiff has not filed an affidavit of service or taken any other action to prosecute this case. Accordingly, it is hereby:

ORDERED that, no later than November 2, 2020, Plaintiff shall file an affidavit of service demonstrating that he timely served Defendant, or if service has not been effectuated, submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks omitted). "District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." *Id.* (internal quotation marks omitted). "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Howard v. Klynveld Peat Marwick*

*Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y.1997) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir.1991), *aff'd*, 173 F.3d 844 (2d Cir.1999)). Plaintiff is warned that failure to submit a letter and to demonstrate good cause for failure to serve Defendant within ninety days after the complaint was filed will result in dismissal of this action.

SO ORDERED.

Dated:   October 27, 2020
         New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge